United States District Court
Southern District of Texas
**ENTERED**
September 16, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ADAN PRADO-SANCHEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-93** |
| | § | **Criminal No. 1:15-281-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 13, 2016, Petitioner Adan Prado-Sanchez ("Prado-Sanchez") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.  After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

### I. Background

On April 7, 2015, a federal grand jury – sitting in Brownsville, Texas –  indicted Prado-Sanchez for illegally re-entering the United States after having been previously excluded, deported or removed. U.S. v. Prado-Sanchez, Criminal No. 1:15-281-1, Dkt. No. 6 (J. Hanen, presiding) (hereinafter "CR").

On June 30, 2015, Prado-Sanchez appeared before the District Judge and, without a written plea agreement, entered a guilty plea to illegally re-entering the United States.

#### A. Sentencing

In the final presentence report, Prado-Sanchez was assessed a base offense level of eight. CR Dkt. No. 22, p. 4.  Prado-Sanchez was also assessed a 16-level enhancement because he had previously been convicted of aggravated robbery in Dallas County, Texas. Id, pp. 4-5.  Prado-Sanchez received a three-level reduction for acceptance of responsibility. Id, p. 5.  Thus, Prado-Sanchez was assessed a total offense level of 21. Id, p. 5.

Regarding his criminal history, Prado-Sanchez had five prior adult criminal

convictions, which resulted in eight criminal history points. CR Dkt. No. 22, p. 9. Prado-Sanchez was assessed an additional two criminal history points because he was on parole at the time that he committed the instant offense. Id. With 10 total criminal history points, Prado-Sanchez was assessed a criminal history category of V. Id. Based upon Prado-Sanchez's offense level of 21 and criminal history category V, the guideline sentencing range was 70 to 87 months of imprisonment.

On October 5, 2015, the District Court sentenced Prado-Sanchez to 70 months of incarceration; two years of supervised release; and a $100.00 special assessment, which was ordered remitted. CR Dkt. No. 28. The judgment was entered on October 15, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Prado-Sanchez's deadline for filing a notice of appeal passed on October 29, 2015.

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 13, 2016, Prado-Sanchez timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his petition, Prado-Sanchez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Prado-Sanchez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States,

> or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a).

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.") The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Prado-Sanchez's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Prado-Sanchez's claim.

3

**A. <u>Johnson</u> is Inapplicable**

Prado-Sanchez asserts that he is entitled to <u>habeas</u> relief based upon the Supreme Court's recent decision in <u>Johnson v. U.S.</u>, 135 S. Ct. 2551 (2015). In <u>Johnson</u>, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" § 924(e)(2)(B) (emphasis added). The underlined portion of § 924 has been referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court concluded that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Prado-Sanchez, none of it applies to his case. Prado-Sanchez was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 7. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 20. Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Prado-Sanchez with a vehicle for relief.

**B. <u>Gonzalez-Longoria</u> Affords No Relief**

Prado-Sanchez makes the related argument that he is entitled to <u>habeas</u> relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term

4

"crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed such an argument  in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016).  The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235.  Any relief that Prado-Sanchez may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[1]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc).  Thus, Prado-Sanchez is entitled to no relief under Gonzalez-Longoria.

### C.  Sentencing Guidelines Enhancement

Furthermore, an examination of Prado-Sanchez's sentence clearly shows that there was no error under the applicable sentencing guidelines.   Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I), a 16 level enhancement was added to Prado-Sanchez's offense level, because he had a prior felony conviction for robbery, which the Guidelines identify as a crime of violence. CR Dkt. No. 22.

The Sentencing Guidelines provision set forth that a defendant – who is convicted of

---

[1] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

illegal re-entry – is subject to a 16-level sentencing enhancement, if he has a previous conviction for a crime of violence. U.S.S.G. § 2L1.2. The Sentencing Guidelines expressly identify "robbery" as a crime of violence. U.S.S.G. § 2L1.2, comment n.1(B)(iii).

The mere labeling of an offense as robbery, however, is insufficient to warrant the application of the 16 level enhancement imposed by § 2L1.2. U.S. v. Mohr, 554 F.3d 604, 610 (5th Cir. 2009) ("The elements of state offenses determine whether a prior offense was a crime of violence under federal law, not labels under state law."). Instead, the Court must first look to the elements of the crime of conviction, to determine if those elements are similar to the generic, contemporary meaning of robbery. U.S. v. Ramirez, 557 F.3d 200, 205 (5th Cir. 2009).

The judgment of conviction shows that Prado-Sanchez was convicted of violating Texas Penal Code § 29.03. CR Dkt. No. 27, p. 2. The Fifth Circuit has held that convictions under that specific statute constitute a crime of violence. U.S. v. Sanchez-Lopez, 493 F. App'x 557, 558 (5th Cir. 2012) (unpubl.). Accordingly, this claim is foreclosed and is meritless.

## IV. Recommendation

It is **RECOMMENDED** that Adan Prado-Sanchez's § 2255 petition be denied.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a

constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Prado-Sanchez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Prado-Sanchez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on September 16, 2016.

Ronald G. Morgan
United States Magistrate Judge